## ALEAXNDER MILLER VS. THE GREAT WESTERN RAILWAY CO.

The *locus in quo* of a personal tort does not oust the jurisdiction where the court ha s obtained the control over the parties. But where the parties are non-residents of the United States, at the time the tort was committed and the trespass was committed abroad, our court s will entertain jurisdiction only as a matter of comity, not of right.

As a question of public policy, and in view of the clearly defined jurisdictions of neighboring States and counties, the remedy of the plaintiff in actions of torts should be administered, when service can be had on the defendant, by the courts of the locality where such torts were committed.

*Quere*: Whether the same doctrine should not be applied to other actions.

*Wayne Circuit*, May, 1870

Motion by plaintiff for leave to amend declaration.

This action was commenced by filing of Narr., and entry of rule to plead in Wayne Circuit, August, 1868.

The plea was the general issue. Upon the trial, the jury rendered a verdict for the plaintiff in the sum of $3000. The defendants alleged error, and on the argument in the Supreme Court the judgment below was reversed, and a new trial ordered.

The plaintiff's Counsel at the March Term following, moved for leave to amend the declaration, which motion was heard by Hon. Jared Patchen, Judge of the 3d Judicial Circuit, and by him denied.

The general facts in the case, and the grounds for the denial of the motion for leave to amend, appear from the decision.

*By the Court*, PATCHIN J.—This is an action for damages against the company on account of the plaintiff's expulsion from

their cars, which he averred to have been done at a distance from any dwelling or usual stopping place. All the counts in the declaration allege him to have been a passenger who had complied with all the conditions required to entitle him to be carried to the end of his journey. The plaintiff is a resident of Canada, and the defendant's road extends from the Suspension Bridge, in Canada, to Detroit. The case was tried in this Court, and a verdict rendered for the plaintiff, on the ground, among others, that the plaintiff was put off the cars not near a dwelling or a usual stopping place, in accordance with a statute law of Canada  The case was then taken to the Supreme Court, and by that Court reversed, for the reason that, under the declaration, plaintiff could not avail himself of the provisions of said statute. The plaintiff now comes into court and asks to amend his declaration by striking out all that part relating to the place of the putting off. The Supreme Court in commenting upon the case, says : " There can be no doubt that the locality of the trespass does not of itself oust the jurisdicion, when the court has lawfully obtained control over the parties. But when the parties are not residents of the United States, and the trespass was committed abroad, the right of action in our courts can only be claimed as a matter of comity, and they are not compelled to proceed in such cases. We think that when, upon the trial or by the pleadings, it appears that our tribunals are resorted to for the purpose of adjudicating upon mere personal torts committed abroad, between persons who are all residents where the tort was committed, the inconveniences and danger of injustice attending such controversies render it proper to decline proceeding further. The cases cited on the augument recognize the right to take this course, and we regard it as the correct one. By common law originally, all actions were local, as every fact must be tried by a jury of the vicinage.

" This, however, being not a statutory regulation, but a principle of unwritten law, which is really human reason applied by courts, not capriciously, but in a regular train of decisions, to human affairs for the promotion of the ends of justice, according to the circumstances of the nation, the necessity of

the times and the general state of things, was thought susceptible of modification, and the courts have modified it."

And it is now well settled law, that the right of action, founded upon personal torts, is not confined to the vicinage. And yet in my investigations of this subject, I have been forced to the belief that very great difficulties will hereafter arise in the enforcement of this rule by the courts. When our forefathers came to this country, they brought with them the common law of the mother country, so far as it was applicable to their new condition, and have continued to adhere to it certainly with sufficient pertinacity. But how very few of those rules and regulations, applicable to the then condition of this country, confined to a few feeble settlements scattered along the Atlantic coast, with an almost unknown and impenatrable wilderness in the back-ground, filled with subtle, implacable savages, and struggling for its very existence, fearing annihilation from every quarter, poor in all that gives a nation strength and power, can possibly be applied to America to day. Those settlements have expanded and spread out over the whole extent of this country, from the Atlantic to the Pacific; the wilderness has disappeared, and with it its savage inhabitants, until to-day he scarcely possesses sufficient vitality to serve as a counter irritant to distract the attention of the country from any real danger; rich in everything that makes a nation powerful and strong, fearing and having nothing to fear, save its own power. It cannot be the duty of the courts to follow implicitly precedents founded upon conditions so entirely different. It is not the duty of anybody to attempt to clothe a giant in the habiliments of a pigmy! Men and things must be looked at and grappled with as they are and not as they have been nor, indeed as they will be. Judging from the past it is quite possible that courts of justice may be conducted by means of electricity with thousands of miles intervening between the court, the witnesses and the jury, and even the eloquence of counsel be received through the same medium, but the rules of evidence of to-day would be of but little service to them.

The learned Dr. Lieber, in his work on legal hermeneutics, defines a precedent in law to be a decision arrived at by a com-

petent tribunal after a patient inquiry into all the points bearing upon the subject decided, and says : " If we are convinced after patient inquiry, which includes a thorough knowledge of the subject-matter, that we ought in justice to deviate from the former decisions, we do wrong to perpetuate it."

The country has just begun to grow by means of those wonderful agencies, electricity and steam. It is free from any apparent internal or external danger, and hence the courts should scrutinize closely every proposition of law submitted to them, that they may be sure to give proper tone and direction to precedents, which will inure to the best interests of society, as it exists to-day. And while I do not shrink from the limited responsibilites in that regard devolving upon me, as a court of *nisi prius*, yet I am led to approach them with very great care and caution, for I apprehend there is danger of following precedents, not at all applicable to the changed and changing condition of affairs. The great thoroughfares of the times, both of thought and more substancial freightage, are increasing with great rapidity, and the public demand this increase as is witnessed by the thousands of dollars donated by them almost every day to these enterprises. They cannot be given up. The public interests and prosperity are too closely connected with them. The commercial law has in a great measure grown up and been founded upon the high seas, and there were many reasons why a court should assme jurisdiction of a cause o action occurring either in a doubtful or entirely without the jurisdiction of any court. The thoroughfares were not at all times the same, perhaps visiting any given jurisdiction but once, therefore it was extremely difficult, and some times impossible, to obtain service of process. But now it is marked by clear and distinct lines, from which it never deviates, passing through well defined jurisdictions at regular intervals and over entry of which it always remains subject to service of process. Can it be claimed that rules and regulations applicable to the former can be to the latter ? It seems to me clear that to ask the question is to answer it. I am forced to believe that all actions of torts, at least when the defendant can be served with process,

should be confined to the *locus in quo* they were committed, and I apprehend it will be a grave question hereafter whether other actions will not be classed in the same category.

It is sufficient in the case at the bar to say, both parties being residents of a foreign country when the tort was committed, the case ought to be heard in this court.

The motion must therefore be dismissed.